# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND ALEXANDER RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-772-D |
| | ) | |
| P.D. TAYLOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Shon T. Erwin, to whom this 42 U.S.C. § 1983 action was referred for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). Upon the filing of the Complaint, Plaintiff was in the custody of the Oklahoma County Detention Center in Oklahoma City, Oklahoma. [Doc. No. 1]. Appearing *pro se* and seeking leave to proceed *in forma pauperis*, Plaintiff asserted claims based on the alleged violation of his constitutional rights. On December 1, 2017, Plaintiff filed a Change of Address form, indicating he was in the custody of the Natrona County Jail in Casper, Wyoming. [Doc. No. 15].

On April 30, 2018, Judge Erwin filed his Report [Doc. No. 24], recommending that Plaintiff's action be dismissed without prejudice to refiling. Specifically, Judge Erwin noted that Plaintiff had failed to submit the necessary paperwork required to effect service. Judge Erwin had advised Plaintiff previously that his failure to submit the required service

paperwork and timely serve Defendants could result in the dismissal of this action. [Doc. No. 21].

In his Report [Doc. No. 24], Judge Erwin advised Plaintiff of his right to object and directed that any objection be filed on or before May 17, 2018. Judge Erwin further advised Plaintiff that any failure to object would result in waiver of the right to appellate review. The deadline for filing objections has passed. To date, Plaintiff has not filed objections and has not sought an extension of time in which to do so. The Court notes that the record reflects the copy of the Report mailed to Plaintiff was returned with the notation that Plaintiff was no longer at the address provided to the Court. [Doc. No. 25].

Local Rule 5.4(a) expressly provides that a *pro se* litigant must file a change of address form when he moves, and the responsibility of the Court and the opposing parties is limited to mailing pleadings to a *pro se* litigant's last known address. LCvR 5.4(a). Material mailed by the Court to the last known address furnished by the *pro se* litigant is deemed delivered. *Id. See also* FED. R. CIV. P. 5(b)(2)(C) (service complete upon mailing to person's last known address). To date, Plaintiff has not filed a change of address form or otherwise informed the Court of his new address. *See* LCvR 5.4(a).

The Court agrees with Judge Erwin that Plaintiff's failure to effect service warrants dismissal of the action without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Ctr.,* 492 F.3d 1158, 1161-1162 n. 2 (10th Cir. 2007) (Rule 41(b) permits courts to dismiss actions *sua sponte* where a plaintiff fails to comply with the Federal Rules of Civil Procedure or the Court's orders); *see also* FED. R. CIV. P. 4(c)(3), 4(m); 28 U.S.C. § 1915(d). The Tenth Circuit has "consistently interpreted Rule 41(b) to

permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 Fed. Appx. 915, 916-917 (10th Cir. May 16, 2012) (unpublished)[1] (internal quotation marks omitted), *citing Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *see also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice warranted as sanction for failure to prosecute or for failure to comply with local or federal procedural rules); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (dismissal appropriate where party disregards court orders and fails to proceed as required by court rules).

Accordingly, Judge Erwin's Report and Recommendation is ADOPTED as though fully set forth herein. This action is dismissed without prejudice to the filing of a new action. A judgment shall be issued forthwith.

IT IS SO ORDERED this 4th day of June 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.